## MILLER, JR., *vs.* WHITEHEAD.

1. If after a note fell due, the maker removed from the state to reside in another state, the statute of limitations did not run in his favor during his absence.

2. Where attachment on a note was sued out against one who had removed from the state before the bar of the statute attached, and the defendant pleaded the statute of limitations, the proceeding be-

came a suit as in case of personal service, and a general judgment against the defendant could be rendered.

Attachment. Statute of limitations. Judgments. Practice in the Superior Court.   Before Judge SNEAD.   Burke Superior Court.   November Term, 1880.

Reported in the decision.

J. S. &. E. B. HOOK, by HARRISON & PEEPLES, for plaintiff in error.

THOS. W. BERRIEN, by brief for defendant.

SPEER, Justice.

The defendant in error, A. G. Whitehead, sued out an attachment against B. B. Miller, Jr., on the 5th day of February, 1880, for seventy-two dollars and thirty cents, on the ground that Miller resided out of the state.   Summons of garnishment was served on J. W. Carswell, executor of B. B. Miller, on February 6th,1880,and B. B. Miller, Jr., was summoned to appear at the justice court in which attachment had been sued on the 17th of March, 1880. Carswell, executor, answered he had money in his hands belonging to the defendant; but also answered that the note on which the suit was brought was barred by the statute of limitations. A trial was had in the justice court, and appeal taken to the superior court.   While the case was pending in the justice court, the defendant, B. B. Miller, Jr., filed a plea of the statute of limitations, averring that more than six years had elapsed since the accrual of said cause of action; and he further pleaded that though he had moved out of the state after contracting the debt, yet his removal was a permanent one to the state of Texas, and he could have been sued in the county of his residence any time within the last —— years, and the failure to sue has barred the plaintiff's rights.

Defendant further pleaded to the jurisdiction of the court

that he was not a resident of Burke county, Georgia; that his leaving the state was not for the purpose of returning to this state, and that he had thus acquired a domicile in Texas and liable to be sued there.

The cause on the appeal, both as to the law and facts, was submitted to the presiding judge, without the intervention of a jury, by the consent of the parties upon the following agreed statement of facts:

1st. The note sued on was made June, 1871, and due one day after date.

2d. That the maker of the note continued to reside in Burke county until 1873, when he removed to Texas, where he has since permanently resided, not having been in Georgia since 1873.

3d. That Carswell qualified as executor of Miller, Sr., in March, 1873, and under the will of Miller, Sr., the defendant was entitled to a legacy, which was not contested, of one thousand dollars and interest thereon, which is still due him.

4th. That testator attempted to fix this one thousand dollars in a trustee for his son, who was older than twenty-one years of age, and only let him have the interest or profits from said one thousand dollars.

Under this statement of facts the judge gave a judgment against B. B. Miller, Jr., generally, and a judgment also against Carswell executor as garnishee.

The defendant made a motion for a new trial on the following grounds:

1st. On the ground that the decision was contrary to the evidence and law, and

2d. That the court erred in holding that the statute of limitations did not bar the attachment proceedings.

The court overruled the motion and defendant excepted.

The evidence shows in this case that B. B. Miller, Jr., executed the note sued on in June, 1871, due and payable one day after date; that in 1873, according to his own plea and proof, he removed from this state and became a

permanent resident of the state of Texas, and had not returned to Georgia to reside since that time.

The 2929th section of the Code (in declaring who shall be excepted from the operation of the· statute of limitations) provides : "If the defendant in any of the cases herein named shall remove from this state, the time of his absence from the state, and until he returns to reside, shall not be counted or estimated in his favor."

If the defendant was absent from the state, and which his plea admits, from 1873 up to the suit, and he has not returned to reside since that time, the statute of limitations was not to be counted or estimated in his favor from the time he removed from the state.

In the case of *Whitman vs. McClure*, 51 *Ga.* 590, this court held, where "an attachment had been sued out on an account more than four years after it was due, but the debtor had left the state before the bar of the statute had attached and has never returned to reside in the state, and the defendant pleaded the statute of limitations and other pleas: *Held*, that the defendant having appeared and made defense the proceedings became a suit as in cases of personal service, and the removal of the defendant from the state operated a suspension of the statute from the time such absence commenced.". We think this decision covers the questions made in this record.

Let the judgment of the court below be affirmed.